### MAYER v. LAIBLE.

### MILLER, Alien Property Custodian, v. SAME.

(Circuit Court of Appeals, First Circuit. August 23, 1923.)

Nos. 1585, 1586.

1. **Courts ⬤⇒26—Jurisdiction of property retained until judgment or decree complied with.**

When court has once acquired jurisdiction of property, it will retain jurisdiction until its judgment or decree is complied with, and such property is removed from jurisdiction of all other courts.

2. **Judgment ⬤⇒743(3)—Decree of Circuit Court of Appeals for return of property seized by Alien Property Custodian deprived District Court of jurisdiction to entertain suit involving such property.**

Where, in suit against Alien Property Custodian by member of partnership whose property had been seized, he was decreed by the Circuit Court of Appeals to have an equitable lien as partner and to be entitled to possession of the firm assets, and they were ordered returned to him, the District Court had no jurisdiction to entertain bill by third person to recover interest in the property under Trading with the Enemy Act, § 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e), or to grant injunction against surrender of the property to such partner.

Appeals from District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Suit by Julius Laible against Richard Mayer and others. From a decree in favor of plaintiff, the defendant named and the defendants Thomas W. Miller, Alien Property Custodian, and others bring separate appeals. Decree vacated, and bill dismissed.

See, also, 270 Fed. 229; 278 Fed. 27.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Dean H. Stanley, Sp. Asst. Atty. Gen. (Robert O. Harris, U. S. Atty., and Adna R. Johnson, Jr., Sp. Asst. Atty. Gen., on the brief), for Miller and White.

Edward F. McClennen, of Boston, Mass. (Dunbar, Nutter & McClennen, of Boston, Mass., on the brief), for Mayer.

D. A. Ellis, of Boston, Mass. (S. M. Whalen, of Boston, Mass., on the brief), for Laible.

Before BINGHAM and JOHNSON, Circuit Judges, and MORRIS, District Judge.

JOHNSON, Circuit Judge. In May and September, 1918, the then Alien Property Custodian, under the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115½a–3115½j), took possession of all the assets in the United States of Reis & Co., a partnership, consisting of Edwin Reis, Ludwig Reis, and Karl Strauss, all of Germany, and Richard Mayer, of Boston, in the commonwealth of Massachusetts. In April, 1919, Richard Mayer brought a suit in the District Court of Massachusetts under section 9 of said act to recover the property so seized. The District Court by its decree February 1, 1921, determined that he had a partner's lien on all this property; that he was entitled to its possession under section 8 (a) of said act and to hold the same to satisfy whatever share might be found to be due him upon an accounting; that said partnership was dissolved by the declaration of war by the United States against Germany April 6, 1917; and further decreed that all of said assets be returned to him to be held by him until the satisfaction of the share in the same found due him upon an accounting.

This decree was affirmed with slight modifications by this court January 17, 1922. Mayer v. Garvan, 278 Fed. 27. On May 5, 1920, Julius Laible, the appellee here, filed with the Alien Property Custodian, under section 9 of said Trading with the Enemy Act, his claim for a debt alleged to be due him from said firm, with interest. This claim was for 1 per cent. of the profits of Reis & Co. wherever earned, whether from assets in the United States or Germany, for the years 1914, 1915, and 1916, in accordance with a contract entered into with him in 1913 by Richard Mayer acting for said firm.

Payment had been made to Laible for all that was due him under this contract as his percentage of the profits for the year 1913; but no payment had been made to him for his percentage of the profits earned in 1914, 1915, and 1916. By a stipulation in writing under date of February 5, 1921, Richard Mayer agreed that the Alien Property Custodian might pay to Laible the sum of $25,664.66 and interest thereon to April 6, 1917, the date of the declaration of war by the United States against Germany. Payment of the same was made to Laible, who executed a release with the following reservation:

"Reserving with the claimant the right to claim interest from April 6, 1917, until such date as may be determined either by congressional legislation or by the office of the Attorney General or otherwise."

Pursuant to the mandate of this court in Garvin v. Mayer, supra, a final decree in said case was entered in the District Court on May 4, 1922.

In accordance with the said decree, on June 7, 1922, the Alien Property Custodian delivered to Mayer all the assets of Reis & Co. except the sum of $18,429.37, for which the said Mayer was promised that a draft would be sent to him by the Treasurer of the United States.

On January 3, 1922, Laible filed a bill in equity under section 9 of the Trading with the Enemy Act, against Edwin Reis and Karl Strauss as members of the firm of Reis & Co., Richard Mayer individually, Thomas W. Miller, Alien Property Custodian, and Frank White, the Treasurer of the United States, claiming to recover interest on his claim from April 6, 1917, to June 21, 1921, and asking that the Alien Property Custodian and the Treasurer of the United States be ordered to retain in their possession all the assets of Reis & Co. until final judgment in his said suit.

On June 21, 1922, Laible moved for a preliminary injunction to restrain the Treasurer of the United States from paying over to said Mayer the balance of the assets of Reis & Co. then in his possession, and Richard Mayer, protesting against the jurisdiction of the court to grant such an injunction, stipulated in writing that, in lieu of an injunction, he would deposit with his attorney, as an officer of the court, the sum of $7,500 to be held until the final decree in the suit, and if judgment was rendered in favor of Laible, to be applied to the payment of the same.

Richard Mayer filed a motion to dismiss the bill on the ground that, after the decree of the Circuit Court of Appeals, the Alien Property Custodian could not divert any of the assets of said firm to the payment of any claim, but must return them all to Mayer in accordance with its terms.

[1] It is elementary that when a court has once acquired jurisdiction of property, it will retain such jurisdiction until its judgment or decree is complied with, and that such property is removed from the jurisdiction of all other courts.

[2] By its decree in Mayer v. Garvan this court ordered that all of the assets in the possession of the Alien Property Custodian and the Treasurer of the United States be returned to Richard Mayer, and the District Court has entered a final decree in pursuance of the mandate of this court.

Laible admits that he knew of the decree of the court before his action was commenced; but whether he did or not, the District Court had no jurisdiction to enter any decree in his suit which would require the Alien Property Custodian or the Treasurer of the United States to disregard the decree of this court. The payment which has been made to Laible could only have been made with Mayer's consent.

Because of his equitable lien as a partner, this court has decreed that he was entitled to the possession of all the firm assets, to be held by him until the satisfaction of the amount due him upon an accounting. After the entry of this decree the District Court was without jurisdiction to entertain any action to recover any interest in said property under section 9 of the Trading with the Enemy Act, or to grant an injunction as prayed for in this bill.

As the stipulation by Mayer that his counsel should receive part of

the money which was ordered to be returned to him and hold the same to satisfy the judgment which might be rendered in his suit was made by him to prevent an injunction being issued, and under protest against the jurisdiction of the court, the motion to dismiss should have been granted.

The decree of the District Court is vacated, and the bill dismissed, with costs to the appellants in this court.